# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0473V

| | |
|---|---|
| REGINA MCGILLIVRAY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 23, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Regina McGillivray filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a defined Table Injury, or in the alternative a caused-in-fact injury, after receiving the influenza vaccine on September 29, 2020. Petition at 1. On September 5, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,622.09 (representing $21,861.60 for fees and $760.49 for costs). Application for Attorneys' Fees filed Feb. 21, 2024, ECF No. 59. Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 60.

Respondent reacted to the motion on Feb. 23, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 61. Petitioner filed no reply.

The rates requested for work performed through the end of 2023 are reasonable and consistent with prior determinations, and will therefore be adopted. Petitioner has also requested the same 2023 attorney hourly rate of $500 per hour for work performed by Ronald Homer in 2024. Id. at 22. Additionally, Petitioner requests an hourly rate of $185 for paralegal work performed in 2024. *Id.* I find these hourly rates to be reasonable. And all time billed to the matter was also reasonably incurred. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 26-37. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$22,622.09 (representing $21,861.60 for fees and $760.49 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald C. Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.